JUDGE

**12 CV 6087**

ANDERSON KILL & OLICK, P.C.
Marc S. Reiner, Esq.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

Attorneys for Plaintiff
Television Food Network, G.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TELEVISION FOOD NETWORK, G.P.,

    Plaintiff,

v.

POPCORNOPOLIS, LLC.

    Defendant.

---

**COMPLAINT**

RECEIVED
AUG 9 2012
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Television Food Network, G.P. ("Food Network"), by and through its undersigned counsel, as and for its Complaint against defendant Popcornopolis, LLC ("Defendant"), alleges as follows:

### Nature of the Action

1. This is a civil action to enjoin and to collect monetary relief stemming from Defendant's blatant infringement of Food Network's trademarks and Defendant's other willful acts of unfair competition, pursuant to its unlawful scheme to hijack for its own profit one of the most trusted names in broadcasting and gastronomy.

2. Specifically, Food Network is filing this lawsuit due to Defendant's (i) false designations of origin, false and misleading descriptions and representations, and unfair competition arising from Defendant's willful infringement of Food Network's trademarks and trade names in violation of Section 43(a) of the United States Trademark Act of 1946 (the

"Lanham Act"), as amended, 15 U.S.C. § 1125(a); (ii) willful infringement of Food Network's registered trademarks in violation of Section 32 of the Lanham Act, as amended, 15 U.S.C. § 1114(a); (iii) dilution of Food Network's trademarks in violation of the Federal Trademark Dilution Act of 1995, as amended, 15 U.S.C. § 1125(c); and (iv) other violations of New York State law.

3. In particular, Defendant is engaging in calculated and unlawful efforts to mislead potential and actual customers for its goods that these goods are licensed by or otherwise affiliated with Food Network. This action is intended to prevent Defendant from trading on the goodwill associated with Food Network. Defendant's misconduct is likely to cause confusion and to deceive consumers and the public, and will continue to do so absent relief from this Court.

## Parties, Jurisdiction and Venue

4. Plaintiff Food Network is a Delaware general partnership with its principal place of business at 75 Ninth Avenue, New York, New York 10011.

5. Upon information and belief, defendant Popcornopolis, LLC is a California limited liability corporation with its principal place of business at 224 Oregon Street, El Segundo, California 90245.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

7. Upon information and belief, this Court has personal jurisdiction over Defendant by virtue of its doing business within this state, and/or its commission of tortious acts inside and outside of New York that have an effect within this state. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b).

## The Famous FOOD NETWORK Trademarks

8.  Food Network is one of the most popular and successful cable television networks. Since its founding nearly two decades ago, through to the present, Food Network's programming has been enjoyed by tens of millions of viewers. Thanks to Food Network's large and loyal viewership, Food Network has become a beloved and trusted household name in the fields of broadcasting and gastronomy.

9.  Over the years, Food Network has expended millions of dollars advertising and promoting Food Network programming and other products and services sold under the FOOD NETWORK name. On average, Food Network spends approximately $30 million per year marketing its shows and products. Annual retail sales of Food Network-branded products average nearly $200 million. In addition, Food Network generates an average of approximately $16 million in royalties and other venture income in connection with the leveraging of the brand annually. As a result of the foregoing activities, the FOOD NETWORK name has become a famous and distinctive indicator of Food Network and its goods and services.

10. Food Network is the owner of the following registrations for trademarks incorporating the FOOD NETWORK trademark, among many others (collectively, "the FOOD NETWORK trademarks"), on the Principal Register in the United States Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods & Services | First Use |
|---|---|---|---|---|
| FOOD NETWORK | 2,791,044 | Dec. 9, 2003 | Cable television broadcasting services | 1996 |
| FOOD NETWORK | 2,771,532 | Oct. 7, 2003 | Entertainment services in the nature of ongoing audio-visual programs provided via television, satellite and digital audio and video transmission over wired and wireless networks in the fields of cooking and culinary arts, health, fitness, and nutrition | 1996 |
| (food network logo) | 2,924,168 | Feb. 1, 2005 | Cable television broadcasting services | 2003 |
| (food network logo) | 2,924,169 | Feb. 1, 2005 | Entertainment services in the nature of ongoing television programs in the field of cooking and culinary arts, health, fitness and nutrition and distribution for others and production of television programs | 2003 |
| (food network logo) | 2,929,656 | Mar. 1, 2005 | Providing information via a global computer information network in the fields of cooking and culinary arts | 2003 |
| FOOD NETWORK | 3,607,718 | Apr. 14, 2009 | Butcher knives; can openers; carving knives; cheese, egg, pizza and vegetable slicers; chef knives, cutlery, namely, forks, spoons, knives and scalers; flatware, namely, forks, spoons and knives; hand-operated choppers; hand-operated sharpening tools and instruments; hand-operated slicers; hand-operated vegetable shredders; hand tools, namely, ice picks and tongs; knife sharpeners and sheaths; kitchen, butcher and | 2007 |

4

nydocs1-991223.1

| | | | | |
|---|---|---|---|---|
| | | | paring knives; non-electric vegetable peelers; pizza cutters; stainless steel table knives, forks and spoons; and zesters | |
| FOOD NETWORK | 3,607,719 | Apr. 14, 2009 | Bakeware; baking dishes; beer mugs; beverage glassware; beverageware; bottle openers; bowls; bread boards, boxes and cases; brushes for basting meat; butter coolers, dishes and pans; butter-dish and cheese-dish covers; cake brushes, molds, pans, rests, rings, servers, stands and tins; canister sets; carving boards; casseroles; cheese graters; chopping boards for kitchen use; lemon squeezers; coffee cups, measures, pots not of precious metal, services not of precious metal and stirrers; colanders; confectioners' decorating bags; cookie cutters, jars and sheets; cooking pots and pans, sieves and sifters, skewers, steamers and strainers; cookware, namely, pots and pans, roasting pans and steamers; coolers for wine; cups; cutting boards; decorating bags for confectioners; dinnerware, namely, plates, cups and saucers; dishes and plates; dispensers for liquid soap and for paper towels; drinking cups and glasses; Dutch ovens; earthenware mugs; egg cups, poachers and separators; frying pans; garlic presses; glass beverageware, bowls, carafes, dishes, mugs, pans and storage jars; goblets; gravy boats; household containers for foods; household utensils, namely, graters, sieves, spatulas and turners; ice cream scoops; kitchen ladles and urns; knife blocks, boards and rests; meal trays; mixing cups and spoons; muffin | 2007 |

nydocs1-991223.1

| Mark | Reg. No. | Reg. Date | Goods | Year of First Use |
|---|---|---|---|---|
| | | | tins; mugs; napkin holders and napkin rings not of precious metal; non-electric egg beaters, griddles, juicers, kettles, kitchen containers not of precious metal, pressure cookers and pressure cooking saucepans; oven to table racks; ovenware; pastry boards, cutters and molds; pie pans and servers; plates; pots; roasting dishes; rolling pins; salad bowls and spinners; sauceboats not of precious metal; saucepans; saucers. scrapers for household use; serving bowls, dishes, forks, ladles, spoons and tongs; serving platters and trays not of precious metal; slotted spoons; soup tureens; stemware; trays not of precious metal; utensils for barbecues, namely, forks, tongs and turners; whisks; woks | |
| FOOD NETWORK | 3,607,720 | Apr. 14, 2009 | Cooking pots, Dutch ovens, egg broilers and cookers, toasters | 2007 |
| FOOD NETWORK | 3,607,721 | Apr. 14, 2009 | Cheese cloth; dish cloths; fabric table runners and table toppers; oven mitts; place mats not of paper; place mats of textile material; table linen, namely, coasters, napkins and place mats; table mats not of paper; textile napkins, place mats and tablecloths | 2007 |
| food network (logo) | 3,607,722 | Apr. 14, 2009 | Cheese cloth; dish cloths; fabric table runners and table toppers; oven mitts; place mats not of paper; place mats of textile material; table linen, namely, coasters, napkins and place mats; table mats not of paper; textile napkins, place mats and tablecloths | 2007 |

| Mark | Reg. No. | Reg. Date | Goods/Services | First Use |
|---|---|---|---|---|
|  | 3,607,723 | Apr. 14, 2009 | Bakeware; baking dishes; beer mugs; beverage glassware; beverageware; bottle openers; bowls; bread boards, boxes and cases; brushes for basting meat; butter coolers, dishes and pans; butter-dish and cheese-dish covers; cake brushes, molds, pans, rests, rings, servers, stands and tins; canister sets; carving boards; casseroles; cheese graters; chopping boards for kitchen use; lemon squeezers; coffee cups, measures, pots not of precious metal, services not of precious metal and stirrers; colanders; confectioners' decorating bags; cookie cutters, jars and sheets; cooking pots and pans, sieves and sifters, skewers, steamers and strainers; cookware, namely, pots and pans, roasting pans and steamers; coolers for wine; cups; cutting boards; decorating bags for confectioners; dinnerware, namely, plates, cups and saucers; dishes and plates; dispensers for liquid soap and for paper towels; drinking cups and glasses; Dutch ovens; earthenware mugs; egg cups, poachers and separators; frying pans; garlic presses; glass beverageware, bowls, carafes, dishes, mugs, pans and storage jars; goblets; gravy boats; household containers for foods; household utensils, namely, graters, sieves, spatulas and turners; ice cream scoops; kitchen ladles and urns; knife blocks, boards and rests; meal trays; mixing cups and spoons; muffin tins; mugs; napkin holders and napkin rings not of precious metal; non-electric egg beaters, griddles, juicers, kettles, kitchen | 2007 |

| | | | | |
|---|---|---|---|---|
| | | | containers not of precious metal; pressure cookers and pressure cooking saucepans; [oven to table racks;] ovenware; pastry boards, cutters and molds; pie pans and servers; plates; pots; roasting dishes; rolling pins; salad bowls and spinners; sauceboats not of precious metal; saucepans; saucers. scrapers for household use; serving bowls, dishes, forks, ladles, spoons and tongs; serving platters and trays not of precious metal; slotted spoons; soup tureens; stemware; trays not of precious metal; utensils for barbecues, namely, forks, tongs and turners; whisks; woks | |
|  | 3,607,724 | Apr. 14, 2009 | Butcher knives; can openers; carving knives; cheese, egg, pizza and vegetable slicers; chef knives; cutlery, namely, forks, spoons, knives and scalers; flatware, namely, forks, spoons and knives; hand-operated choppers; hand-operated sharpening tools and instruments; hand-operated slicers; hand-operated vegetable shredders; hand tools, namely, ice picks and tongs; knife sharpeners and sheaths; kitchen, butcher and paring knives; non-electric vegetable peelers; pizza cutters; stainless steel table knives, forks and spoons; zesters | 2007 |
|  | 3,607,725 | Apr. 14, 2009 | Measuring spoons; measuring cups | 2007 |

nydocs1-991223.1

| | | | | |
|---|---|---|---|---|
| (food network logo) | 3,607,726 | Apr. 14, 2009 | Cooking pots, Dutch ovens, egg broilers and cookers, toasters | 2007 |
| FOOD NETWORK | 3,613,969 | Apr. 28, 2009 | Measuring spoons; measuring cups | 2007 |
| FOOD NETWORK | 3,874,130 | Nov. 9, 2010 | Printed materials and publications, namely, a magazine about food and cooking | 2008 |
| (food network logo) | 3,948,271 | Apr. 19, 2011 | Printed materials and publications, namely, a magazine about food and cooking | 2008 |

11. All of the above marks and registrations are valid and subsisting and many of the registrations have become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C.§ 1065. True and correct copies of pages from the United States Patent and Trademark Office's website showing each of the FOOD NETWORK trademarks listed above are attached hereto as Exhibit A.

12. Food Network has also acquired common law trademark rights through the extensive use of its registered and unregistered trademarks.

13. Food Network's programming is often the subject of considerable attention from other branches of media, including coverage in the nation's leading newspapers, magazines and radio talk shows and on national television networks. In addition, there is a *Food Network* magazine that has a circulation of 1.35 million and that reaches over 5 million readers each month.

14. In addition, Food Network licenses third parties to use the FOOD NETWORK trademarks in exchange for royalty or profit-sharing arrangements. For example,

9

Food Network has licensed and continues to license the FOOD NETWORK mark to well-known companies such as Kohl's, which carries a popular line of Food-Network-branded kitchenware. Authorized uses of the FOOD NETWORK trademarks have resulted in tremendous exposure of the FOOD NETWORK trademarks to the consuming public, further adding to the fame of those marks. Food Network is very selective in choosing the companies it permits to license the FOOD NETWORK trademarks and is careful to select only those licensing opportunities that will provide the best value to Food Network.

15. As a result of the foregoing, the FOOD NETWORK trademarks have become famous and distinctive indicators of Food Network and its goods and services. Those trademarks have come to be understood as a means by which their source can be identified, and as indicators of integrity, exclusivity, and quality.

### Defendant's Infringing Activities

16. Defendant is a manufacturer and retailer of specialty food products, including popcorn, and operates a website located at the domain name www.popcornopolis.com.

17. Defendant sells its products through retail stores and also through the internet. Defendant's products are sold through its own website and also through third-party retailers such as Costco.

18. The website located at www.popcornopolis.com is accessible in New York and, upon information and belief, has been accessed by New York residents.

19. Defendant has sold and is selling merchandise that incorporates word marks, logos, and other source-identifying indicia associated with Food Network. True and correct copies of images that depict these infringing and otherwise unlawful uses of the FOOD NETWORK marks are attached as Exhibit B.

nydocs1-991223.1

20. Defendant's products are not manufactured by Food Network, nor are they licensed, authorized, sponsored, endorsed, or approved by Food Network.

21. The FOOD NETWORK trademarks were used extensively and continuously by Food Network before Defendant manufactured, offered for sale or sold its products that also feature the FOOD NETWORK trademarks.

22. Defendant's products that feature the FOOD NETWORK trademarks are similar to and compete with goods sold or licensed by Food Network, and are sold through very similar channels of trade.

23. In using the FOOD NETWORK trademarks on its merchandise, Defendant is likely to confuse and deceive its potential and actual purchasers and other members of the public into believing that there is a connection – whether by licensing, sponsorship, or otherwise – between Defendant and Food Network even though such a connection does not in fact exist. Indeed, Defendant's merchandise is likely to confuse and deceive its actual purchasers and other members of the public into believing that, among other things, there exists the same connection between Defendant and Food Network that actually exists only between Food Network and official licensees to the FOOD NETWORK trademarks. The crucial distinction being that those official licensees provide consideration to Food Network for the right to use and profit from the FOOD NETWORK trademarks, but Defendant simply hijacks the FOOD NETWORK trademarks and uses them for its own ill-gotten profit.

24. Defendant's products that feature the FOOD NETWORK trademarks are likely to deceive, confuse and mislead purchasers, prospective purchasers, and other relevant members of the public into believing that these products were produced, authorized, or are in some other manner associated with Food Network. By effectively depriving Food Network of

nydocs1-991223.1

the exclusive right to the goodwill and other value inherent in and associated with the FOOD NETWORK trademarks, this likelihood of confusion, mistake and deception fostered by Defendant is causing irreparable harm to Food Network and will continue unless enjoined by this Court.

25. Defendant's merchandise that features the FOOD NETWORK trademarks is calculated to trade on the immense goodwill and commercial value of Food Network's reputation and identity. Defendant has willfully, intentionally, and maliciously adopted identical versions of the FOOD NETWORK trademarks and has otherwise deliberately attempted to pass off its products as being provided or licensed by Food Network.

26. Beginning on or about January 20, 2012, counsel for Food Network has sent Defendant several letters, *inter alia*, demanding that Defendant cease making unauthorized and infringing use of the FOOD NETWORK trademarks. Despite these repeated notifications, Defendant has continued to sell merchandise bearing the FOOD NETWORK trademarks that was not manufactured, authorized, sponsored, or approved by Food Network.

### FIRST CLAIM FOR RELIEF

#### Infringement and Use of False Designations of Origin Under Section 43(a)(1)(A) of the Lanham Act

27. Food Network repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

28. Defendant's conduct constitutes infringement and the use of false designations of origin and false descriptions and representations in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

29. Defendant has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that its goods are manufactured or

distributed by Food Network, or are affiliated, connected with, licensed by, or otherwise associated with Food Network, or enjoy its sponsorship, endorsement, or approval.

30. The actions of Defendant complained of above have caused and, unless enjoined by this Court, will continue to cause irreparable injury to Food Network.

31. Food Network has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement Under Sections 32(1) of the Lanham Act

32. Food Network repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

33. Defendant's conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34. Defendant has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that its goods are manufactured or distributed by Food Network, or are affiliated, connected with, licensed by, or otherwise associated with Food Network, or enjoy its sponsorship, endorsement, or approval.

35. The actions of Defendant complained of above have caused and, unless enjoined by this Court, will continue to cause irreparable injury to Food Network.

36. Food Network has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Common Law Unfair Competition

37. Food Network repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

nydocs1-991223.1

38. Defendant's conduct constitutes unfair competition by passing off, misappropriation and unprivileged imitation under New York common law.

39. Defendant has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that its goods are manufactured or distributed by Food Network, or are affiliated, connected with, licensed by, or otherwise associated with Food Network, or enjoy its sponsorship, endorsement, or approval.

40. The actions of Defendant complained of above have caused and, unless enjoined by this Court, will continue to cause irreparable injury to Food Network.

41. Food Network has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

42. Food Network repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

43. Defendant's conduct constitutes trademark infringement under New York common law.

44. Defendant has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that its goods are manufactured or distributed by Food Network, or are affiliated, connected with, licensed by, or otherwise associated with Food Network, or enjoy its sponsorship, endorsement, or approval.

45. The actions of Defendant complained of above have caused and, unless enjoined by this Court, will continue to cause irreparable injury to Food Network.

46. Food Network has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Dilution Under Section 43(c) of the Lanham Act

47. Food Network repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

48. Defendant's conduct constitutes dilution of the FOOD NETWORK trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49. Defendant's actions will erode the public's exclusive identification of the registered FOOD NETWORK trademarks and tarnish and degrade the positive associations and exclusive connotations of the marks.

50. The actions of Defendant complained of above have caused and, unless enjoined by this Court, will continue to cause irreparable injury to Food Network.

51. Food Network has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### Violation of the New York Antidilution Statute

52. Food Network repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

53. Defendant's conduct will improperly dilute the value of the FOOD NETWORK trademarks in violation of New York General Business Law § 360-l.

54. Defendant's actions will erode the public's exclusive identification of the FOOD NETWORK trademarks and tarnish and degrade the positive associations and exclusive connotations of the marks.

55. The actions of Defendant complained of above have caused and, unless enjoined by this Court, will continue to cause irreparable injury to Food Network.

56. Food Network has no adequate remedy at law.

nydocs1-991223.1

WHEREFORE, Food Network requests that the Court enter a judgment:

1. Preliminarily and then permanently enjoining and restraining Defendant, its officers, agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or participation with it or any of them from the manufacture, distribution, offering for sale, sale, advertising and/or promotion in the United States of (a) merchandise bearing the FOOD NETWORK trademarks, except for genuine merchandise that in its entirety has been made, sponsored or approved by Food Network; (b) any other merchandise which bears trademarks which are confusingly similar to or dilutive of Food Network's trademarks; (c) any other false statements or designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendant's business and products are associated or affiliated with or related to Food Network.

2. Directing Defendant to deliver up for destruction or other disposition, within thirty (30) days of the entry of final judgment herein, any and all merchandise, packaging, labels, advertising, or other materials in Defendant's possession which bear any designation in violation of Food Network's rights as decreed herein and all plates, molds, matrices and other means of making reproductions, counterfeits, copies or colorable imitations of Food Network's trademarks.

3. Directing Defendant to file with the Court and serve on counsel for Food Network, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116(a).

4. Directing Defendant to account to Food Network for its profits arising from the conduct complained of herein, pursuant to 15 U.S.C. § 1117.

nydocs1-991223.1

     5.     Awarding Food Network compensatory and punitive damages to which they are entitled under applicable federal and state laws.

     6.     Entering judgment for three times such profits or damages arising from the conduct complained of herein, whichever is greater, pursuant to 15 U.S.C. § 1117, in view of Defendant's willful infringement.

     7.     Awarding Food Network its reasonable attorneys' fees, taxable costs and disbursements of this action, pursuant to 15 U.S.C. § 1117, in view of Defendant's willful infringement.

     8.     Awarding Food Network such other and further relief as the Court deems just and proper.

Dated: August 9, 2012
       New York, New York

ANDERSON KILL & OLICK, P.C.

By: *[signature]*
Marc S. Reiner
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1449

Attorneys for Plaintiff
Television Food Network, G.P.

nydocs1-991223.1