UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TELEVISION FOOD NETWORK, G.P.,

        Plaintiff,

v.

POPCORNOPOLIS, LLC,

        Defendant.

Civil Action No. 12-Civ-6087 (PGG)

ECF Case

## ANSWER TO COMPLANT

Defendant Popcornopolis, LLC ("Popcornopolis"), through its undersigned counsel, hereby answers the Complaint of plaintiff Television Food Network, G.P. ("Plaintiff"). Except as expressly admitted or denied below, Popcornopolis is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

### Nature of the Action

1. Popcornopolis admits this is a civil action and that Plaintiff seeks to recover injunctive and monetary to relief. Popcornopolis denies the remaining allegations in paragraph 1.

2. Popcornopolis denies the allegations in paragraph 2.

3. Popcornopolis denies the allegations in paragraph 3.

### Parties, Jurisdiction and Venue

4. Popcornopolis admits the allegations in paragraph 4.

5. Popcornopolis admits the allegations in paragraph 5.

6. Popcornopolis admits the allegations in paragraph 6.

7. Popcornopolis admits it is doing business in the state of New York and that the Court has personal jurisdiction over Popcornopolis. Except as expressly admitted, Popcornopolis denies the allegations in paragraph 7.

## Factual Background

8. Popcornopolis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and on that basis denies the allegations.

9. Popcornopolis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis denies the allegations.

10. Popcornopolis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and on that basis denies the allegations.

11. Popcornopolis admits that pages are attached to the Complaint as Exhibit A that show Food Network trademarks. Except as expressly admitted, Popcornopolis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and on that basis denies the allegations.

12. Popcornopolis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and on that basis denies the allegations.

13. Popcornopolis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and on that basis denies the allegations.

14. Popcornopolis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis denies the allegations.

15. Popcornopolis denies the allegations in paragraph 15.

16. Popcornopolis admits the allegations in paragraph 16.

17. Popcornopolis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and on that basis denies the allegations.

18. Popcornopolis admits the allegations in paragraph 18.

19. Popcornopolis admits it has sold its delicious Zebra Popcorn product with a label that includes the true statement "As seen on Food Network". Except as expressly admitted, Popcornopolis denies the remaining allegations in paragraph 19.

20. Popcornopolis admits that its products are not manufactured by Plaintiff and Popcornopolis does not have a written license agreement with Plaintiff. Except as expressly admitted, Popcornopolis denies the remaining allegations in paragraph 20.

21. Popcornopolis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and on that basis denies the allegations.

22. Popcornopolis denies the allegations in paragraph 22.

23. Popcornopolis denies the allegations in paragraph 23.

24. Popcornopolis denies the allegations in paragraph 24.

25. Popcornopolis denies the allegations in paragraph 25.

26. Popcornopolis admits that counsel for Plaintiff has sent Popcornopolis communications regarding the use of "As seen on Food Network" on Popcornopolis' Zebra Popcorn product. Except as expressly admitted, Popcornopolis denies the remaining allegations in paragraph 26.

**FIRST CLAIM FOR RELIEF**
**Infringement and Use of False Designations**
**Of Origin Under Section 43(a)(1)(A) of the Lanham Act**

27. Popcornopolis incorporates by reference its denials, admissions and answers to paragraphs 1 through 26.

28. Popcornopolis denies the allegations in paragraph 28.

29. Popcornopolis denies the allegations in paragraph 29.

30. Popcornopolis denies the allegations in paragraph 30.

31. Popcornopolis denies the allegations in paragraph 31.

## SECOND CLAIM FOR RELIEF
### Trademark Infringement Under Sections 32(1) of the Lanham Act

32. Popcornopolis incorporates by reference its denials, admissions and answers to paragraphs 1 through 31.

33. Popcornopolis denies the allegations in paragraph 33.

34. Popcornopolis denies the allegations in paragraph 34.

35. Popcornopolis denies the allegations in paragraph 35.

36. Popcornopolis denies the allegations in paragraph 36.

## THIRD CLAIM FOR RELIEF
### Common Law Unfair Competition

37. Popcornopolis incorporates by reference its denials, admissions and answers to paragraphs 1 through 36.

38. Popcornopolis denies the allegations in paragraph 38.

39. Popcornopolis denies the allegations in paragraph 39.

40. Popcornopolis denies the allegations in paragraph 40.

41. Popcornopolis denies the allegations in paragraph 41.

## FOURTH CLAIM FOR RELIEF
### Common Law Trademark Infringement

42. Popcornopolis incorporates by reference its denials, admissions and answers to paragraphs 1 through 41.

43. Popcornopolis denies the allegations in paragraph 43.

44. Popcornopolis denies the allegations in paragraph 44.

45. Popcornopolis denies the allegations in paragraph 45.

46. Popcornopolis denies the allegations in paragraph 46.

## FIFTH CLAIM FOR RELIEF
### Dilution Under Section 43(c) of the Lanham Act

47.     Popcornopolis incorporates by reference its denials, admissions and answers to paragraphs 1 through 46.

48.     Popcornopolis denies the allegations in paragraph 48.

49.     Popcornopolis denies the allegations in paragraph 49.

50.     Popcornopolis denies the allegations in paragraph 50.

51.     Popcornopolis denies the allegations in paragraph 51.

## SIXTH CLAIM FOR RELIEF
### Violation of the New York Antidilution Statute

52.     Popcornopolis incorporates by reference its denials, admissions and answers to paragraphs 1 through 51.

53.     Popcornopolis denies the allegations in paragraph 53.

54.     Popcornopolis denies the allegations in paragraph 54.

55.     Popcornopolis denies the allegations in paragraph 55.

56.     Popcornopolis denies the allegations in paragraph 56.

57.     Popcornopolis incorporates by reference its denials, admissions and answers to paragraphs 1 through 56.

58.     In response to Plaintiff's prayer for relief, paragraphs 1-8, Popcornopolis denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

By way of further answer and as affirmative defenses, Popcornopolis makes the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each and any of these matters, and without waiving the right to assert and rely upon other defenses that become available or appear during the court of this action:

FIRST DEFENSE

59.     The claims made in the Complaint fail to state a claim upon which relief can be granted.

SECOND DEFENSE

60.     The claims made in the Complaint are barred, in whole or in part, by the doctrine of fair use, nominative fair use and/or descriptive use.

THIRD DEFENSE

61.     The claims made in the Complaint are barred by the doctrine of laches.

FOURTH DEFENSE

62.     The claims made in the Complaint are barred, in whole or in part, because any infringement, if any occurred, was innocent.  Popcornopolis acted reasonably, in good faith and with innocent intent.

FIFTH DEFENSE

63.     Plaintiff has waived its right to seek the relief it requests due to its own acts and/or omissions.

SIXTH DEFENSE

64.     Plaintiff, by reason of its knowledge, statements, conduct, approval, authorization and/or ratification, is estopped from recovering from Popcornopolis.

SEVENTH DEFENSE

65.     Plaintiff acquiesced and/or consented to Popcornopolis' conduct, and/or ratified Popcornopolis' conduct.

EIGHTH DEFENSE

66.     Plaintiff's claims are barred by the doctrine of unclean hands.  In particular, Plaintiff knew of the label on Popcornopolis' Zebra popcorn product with the true statement "As seen on Food Network".  Popcornopolis is informed and believes and thereon alleges that Plaintiff relied upon Popcornopolis to expose the "Food Network" name to the public, and made no complaint or demand of Popcornopolis' use of the name, including on programming on The

Food Network, so that Plaintiff could then charge others licensing fees to use the Food Network name and mark. Only after Plaintiff built up a licensing fee business with others did it then demand that Popcornopolis pay Plaintiff for Popcornopolis' prior known use of the Food Network name.

## NINTH DEFENSE

67. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of the acts alleged in the Complaint.

## TENTH DEFENSE

68. Plaintiff's claims are barred, in whole or in part, because of its failure to mitigate damages.

## **PRAYER**

Popcornopolis prays for judgment as follows:

(a) That Food Network take nothing by its complaint and that the complaint be dismissed with prejudice;

(b) That Popcornopolis recover its costs of suit herein;

(c) That Popcornopolis be awarded its reasonable attorney's fees;

(d) For such other and further relief as the Court deems proper.

Dated: October 12, 2012         COWAN, DeBAETS, ABRAHAMS &
New York, New York               SHEPPARD LLP

                                 By:   /s/Nancy E. Wolff
                                       Nancy E. Wolff
                                       Nicholas J. Tardif
                                       41 Madison Avenue, 34th Floor
                                       New York, New York 10010
                                       Tel: (212) 974-7474
                                       Fax: (212) 974-8474
                                       nwolff@cdas.com
                                       ntardif@cdas.com

                                 *Attorneys for Defendant*

7